SMITH, Presiding Justice, for the Court:
This case involves a suit by the city of Pass Christian, in which one J. C. Ellis Jr., a real estate developer who had acquired land north of the tracks of L & N Railroad Company, joins to enforce the city’s rights under an easement granted to it by the railroad in 1957 for the purpose of extending Elva Drive, a city street, across the L & N right-of-way. Elva Drive, at the time of the grant, (and until the present litigation was begun), was a residential street south of the railroad tracks, “dead-ending” at its north end with the railroad right-of-way. Also parties, protesting the extension of the city street across the tracks, were E. B. McDonald and other homeowners, who own property south of the tracks which abuts on the dead end street, whose position is that their property, on what had been a quiet residential street, would be very materially damaged by extending that street northward across the railroad tracks.
The case was tried and proof showed that in 1957 L & N had granted the City of Pass Christian an easement for extending Elva Drive northward across its right-of-way, the easement being subject to a number of conditions stated in the instrument, the validity and enforceability of which do not appear to be challenged. The right of the grantor, L & N Railroad Company, to require that they be fulfilled is not here involved and shall not be considered as having been precluded or diminished by anything in the decision in this case, unless it is specifically so stated.
The opening of the crossing and the extension of Elva Drive across the L & N right-of-way was contested by L & N which appeals from the chancellor’s finding that the grant of the easement for the right-of-way to the City of Pass Christian is valid, subsisting and enforceable. Ellis and the City of Pass Christian cross-appeal, Ellis as to the chancellor’s refusal to allow him certain damages claimed by him and the city from a denial of an award of damages to it.
At the point where it is proposed to extend the street across the right-of-way there are two sets of railroad tracks. One, the main line, the other used for “sidetracking” a train so that another train, travelling in an opposite direction may pass. The undisputed evidence is that, if the street is constructed across these tracks, an extremely hazardous condition, highly dangerous to the public using the crossing, will be created, not only because of the double tracks, but because the vision of those using the crossing will be obscured by trains necessarily standing on the side track awaiting passage of trains along the main line. Moreover, it will be necessary that considerable and continuing expense and loss of time be incurred by L & N, to “cut” such trains so sidetracked in order that street traffic may pass between the two divided sections.
It was shown that Ellis is an individual engaged in real estate development who had acquired a tract of land north of the railroad which he has subdivided into lots for sale, and, in that connection, he had filed a plat of the subdivision upon which Elva Drive is shown as extending northward across the L & N right-of-way. Ellis desires to have the crossing opened as an additional route of access to his property. It is admitted that the proposed crossing is in no way a way of necessity for the Ellis property.
It appears, although there is some contrary testimony, that it will probably be necessary to raise the grade of Elva Drive as it passes between the residences situated on property now abutting the street immediately south of the railroad and belonging to the individuals who are parties to this suit and who are contesting the implementation of the easement grant by the extension of the street.
One of the conditions expressly stated in the grant of the easement is as follows:
Grantee (City of Pass Christian), its successors or assigns shall assume the entire expense of paving across the track or tracks of the Grantor that may be constructed thereon and shall assume the entire cost of any grade separation or any *855 flasher device or other crossing protection, except as at present otherwise required by statute. [Emphasis added].
The validity and binding character of this provision is conceded by the City of Pass Christian. There can be no question from the testimony in this case that the extension of the street across the double tracks will create for those traversing the crossing a hazard of an extremely dangerous nature. The testimony of experts was to the effect that a measure of safety could be provided only by the use of flashing lights and automatic crossing arm gates. The obligation thus assumed by the City of Pass Christian as a condition to the exercise of the easement, comports with the public duty resting upon the municipality to protect the public using its streets and neither to create nor maintain a situation calculated to expose members of the public to danger. We consider this (as did the chancellor) an enforceable condition precedent which rests upon the city, one to be fully complied with prior to the opening of the street across the railroad to traffic. This is not contested by the City of Pass Christian. The chancellor, however, (although evidence was submitted touching upon the subject), pretermitted the making of a finding as to the type of signals and guards which will be necessary under the circumstances to afford maximum protection. The case, as to this, is remanded to the chancellor, who shall, prior to the opening of the street across the tracks to traffic, conduct a hearing and hear testimony of such expert witnesses as the parties may wish to offer, and other relevant and competent evidence, as to what devices are necessary and appropriate for the protection of those using the extension of the public street across the tracks, and shall order and require the City of Pass Christian to provide, install and pay for those of such type and character as he shall find will provide the utmost protection to the public, prior to the opening of the crossing to traffic. Until such devices as the chancellor may find necessary and appropriate shall have been actually installed, said street or crossing shall not be opened to traffic by the City of Pass Christian.
The instrument granting the easement also provides:
The conveyance of the easement hereby made is upon the express condition subsequent, that in the event of a vacation or non-use of said street or any portion thereof, or if said premises or any portion thereof shall be at any future time abandoned as a public street, or cease to be used as a public street or shall be used by the Grantee for any other purpose, said easement hereby conveyed as to the portion so abandoned or vacated, or any interest granted by this deed, shall thereupon cease and determine, and all rights hereby conveyed shall revert to the Grantor, its successors or assigns.
The chancellor held that there had been no abandonment of the right to an easement granted by L & N across its tracks, and upheld the validity of the grant and we affirm his action in so doing, holding that the grant is valid and subsisting, but subject to all of the terms and conditions upon the basis of which it was granted. We are unable to say, upon the record, that he was manifestly wrong in so doing.
The only other matter requiring comment is the allowance to the individual complainant Ellis of $4,933.75 as “damages.”
The question of this award to Ellis is not specifically assigned as error by L & N but Ellis in his complaint on cross-appeal, argues that he is entitled to a recovery for damages to his land north of the tracks. In passing upon the question raised by Ellis and examining the evidence bearing upon it, we have come to the conclusion that evidence of damage to the Ellis property north of the railroad as having been caused or contributed to by L & N is too remote and speculative to support an award of further damages to Ellis. Moreover, Ellis is not a party to the easement, and had no standing to require the city to extend its street. While the city sought to enforce the easement and, on cross-appeal, contends that it was entitled to damages against L & N, it does not appear to have been entitled to any and the chancellor so found, we think correctly.
*856 The rights, if any they have, against the City of Pass Christian of McDonald and of the other individuals who are parties to this litigation and whose property abuts upon Elva Drive, the street now dead ending at the railroad, when, as and if the crossing is actually constructed, and opened, shall not be considered as having been affected or precluded by this decision, except incidentally insofar as the legal right of the City of Pass Christian to extend the street northward across the L & N right-of-way, has been established.
Therefore, we affirm the decree of the chancellor upholding the validity and enforceability of the 1957 grant to the City of Pass Christian by L & N of an easement for extending Elva Drive across its right-of-way, but the city’s right to do so shall be exercised only upon the city’s compliance with the conditions and terms expressed in the grant.
We affirm the chancellor’s decree holding that adequate crossing devices to afford the utmost protection to the public, in the event the street shall be extended across the tracks, shall be provided and paid for by the City of Pass Christian, and shall be installed as a condition precedent to the opening of such crossing to the public. For the purpose of determining the type and kind of warning devices, safeguards and lights which shall be so provided, the case is remanded to the chancellor for a hearing thereon, at which the parties may offer testimony of experts and such other competent and relevant evidence on the subject as they may desire.
AFFIRMED ON DIRECT APPEAL BY l & n, McDonald, et al., affirmed ON CROSS-APPEAL BY ELLIS AND THE CITY OF PASS CHRISTIAN, AND REMANDED.
PATTERSON, C. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
ROBERTSON, P. J., takes no part.